# Exhibit 11, Part 2 of 2

*Stk. 2.* Hvis § 140 finder anvendelse, finder §§ 312-316 ikke anvendelse.

**§ 312.** Hvis § 140 ikke finder anvendelse, jf. § 311, anvendes § 2, stk. 4-6 og 11, §§ 3-14, § 15, stk. 1, stk. 2, nr. 1, og stk. 3, § 17, nr. 1, 7 og 8, og §§ 41-43 i lov om medarbejderindflydelse i SE-selskaber samt denne lovs §§ 313-316.

*Stk. 2.* I medfør af denne lovs § 313, stk. 1, kan § 15, stk. 4 og 5, § 33, stk. 2, § 34 og § 36-40 i lov om medarbejderindflydelse i SE-selskaber desuden finde anvendelse.

*Stk. 3.* Hvis bestemmelserne i lov om medarbejderindflydelse i SE-selskaber finder anvendelse, finder § 120, stk. 1, og §§ 140-143, ikke anvendelse.

*Stk. 4.* Hvis det fortsættende kapitalselskab i en grænseoverskridende fusion skal høre under lovgivningen i et andet EU/EØS-land og der i forbindelse med den grænseoverskridende fusion anvendes regler om medbestemmelse, der hidrører fra Rådets direktiv om fastsættelse af supplerende bestemmelser til statut for det europæiske selskab (SE) for så vidt angår medarbejderindflydelse, finder § 2, stk. 4-6 og 11, og §§ 3, 9, 36-39 og 41-43 i lov om medarbejderindflydelse i SE-selskaber samt denne lovs § 368 anvendelse for de deltagende kapitalselskaber og berørte datterselskaber, der hører under dansk lovgivning, samt bedrifter af det fortsættende kapitalselskab, deltagende kapitalselskaber eller berørte datterselskaber, når disse bedrifter er beliggende i Danmark.

**§ 313.** § 15, stk. 4 og 5, § 33, stk. 2, og § 34 og 36-40 i lov om medarbejderindflydelse i SE-selskaber finder kun anvendelse, når der forud for fusionen var en ordning om medbestemmelse i et eller flere af de deltagende kapitalselskaber, og når

1)  de deltagende kapitalselskabers kompetente organer og det særlige forhandlingsorgan aftaler at anvende de nævnte bestemmelser,

2)  der ikke inden for den i § 12 i lov om medarbejderindflydelse i SE-selskaber fastsatte frist er indgået en aftale og de deltagende kapitalselskabers kompetente organer beslutter sig for at anvende de nævnte bestemmelser og således fortsætte registreringen, jf. dog stk. 2, eller

3)  de deltagende kapitalselskabers kompetente organer beslutter sig for at anvende de nævnte bestemmelser uden forudgående forhandling med det særlige forhandlingsorgan.

*Stk. 2.* I det tilfælde, der er nævnt i stk. 1, nr. 2, er det endvidere en forudsætning for anvendelse af § 15, stk. 4 og 5, § 33, stk. 2, og §§ 34 og 36-40 i lov om medarbejderindflydelse i SE-selskaber, at det særlige forhandlingsorgan træffer beslutning herom, hvis mindre end 1/3 af det samlede antal medarbejdere i alle de deltagende kapitalselskaber inden fusionen var omfattet af en eller flere former for medbestemmelse.

*Stk. 3.* I de tilfælde, der er nævnt i stk. 1, nr. 1 og 2, kan andelen af medarbejdervalgte ledelsesmedlemmer ikke overstige antallet i henhold til lovens § 140.

**§ 314.** Når lov om medarbejderindflydelse i SE-selskaber § 15, stk. 4 og 5, § 33, stk. 2, og §§ 34 og 36-40, jf. § 313, stk. 1, finder anvendelse, beslutter det særlige forhandlingsorgan,

1)  hvordan pladser i bestyrelsen eller tilsynsrådet fordeles mellem de medlemmer, der repræsenterer medarbejderne i de stater, hvor Rådets direktiv om fastsættelse af supplerende bestemmelser til statut for det europæiske selskab (SE) for så vidt angår medarbejderindflydelse, er gældende, eller

2)  hvordan medarbejderne i det fortsættende kapitalselskab kan anbefale eller modsætte sig udpegelsen af medlemmerne i bestyrelsen eller tilsynsrådet i forhold til den del af medarbejderne, der er beskæftiget i hver stat.

**§ 315.** Det særlige forhandlingsorgan kan med mindst 2/3 af stemmerne fra medlemmer, der repræsenterer mindst 2/3 af medarbejderne, som er beskæftiget i mindst to lande, beslutte ikke at indlede forhandlinger eller at afbryde forhandlingerne og i stedet anvende de i § 140 fastsatte regler om medarbejderes valg af ledelsesmedlemmer.

**§ 316.** Hvis § 140 ikke finder anvendelse, jf. § 311, stk. 1, kan en grænseoverskridende fusion ikke registreres, medmindre der er indgået en aftale om en ordning for medbestemmelse i henhold til § 17, nr. 1, 7 og 8, i lov om medarbejderindflydelse i SE-selskaber, jf. § 312, stk. 1, eller § 313, stk. 1, nr. 1, eller der er truffet beslutning i henhold til denne lovs § 313, stk. 1, nr. 3, eller § 315, eller fristen i § 12 i lov om medarbejderindflydelse i SE-selskaber, jf. denne lovs § 313, stk. 1, nr. 2, er udløbet, uden at der er indgået nogen aftale.

## Efterfølgende nationale fusioner og spaltninger

**§ 317.** §§ 311-316 om medbestemmelse ved grænseoverskridende fusioner finder tilsvarende anvendelse, hvis det fortsættende kapitalselskab i en grænseoverskridende fusion inden for de første 3 år efter fusionen deltager i en national fusion eller spaltning.

## Medarbejdernes medbestemmelse ved grænseoverskridende spaltning

**§ 318.** §§ 311-317 om medbestemmelse ved grænseoverskridende fusioner finder med de nødvendige tilpasninger tilsvarende anvendelse på grænseoverskridende spaltning.

# Kapitel 16 a. *Grænseoverskridende flytning af hjemsted*

**§ 318 a.** Et kapitalselskab omfattet af denne lov kan ved en grænseoverskridende flytning af hjemsted flytte dets registrerede hjemsted til et andet EU/EØS-land, og tilsvarende kan et kapitalselskab med registreret hjemsted i et andet EU/ EØS-land flytte dets hjemsted til Danmark, jf. dog stk. 2 og 3. Den grænseoverskridende flytning kan gennemføres uden kreditorernes samtykke.

*Stk. 2.* En grænseoverskridende flytning kan kun besluttes, hvis lovgivningen i det land, som kapitalselskabet ønsker at flytte fra eller flytte til, tillader grænseoverskridende flytning af hjemsted.

*Stk. 3.* Et dansk kapitalselskab kan kun flytte hjemsted til et andet EU/EØS-land, hvis der er en beskyttelse af det danske selskabs medarbejderes ret til medbestemmelse i den lovgivning, som kapitalselskabet kommer til at høre under efter flytningen.

## Flytning af et kapitalselskabs hjemsted fra Danmark
## Flytteplan

**§ 318 b.** Det centrale ledelsesorgan i kapitalselskabet, der flytter hjemsted, opretter og underskriver en flytteplan, der skal indeholde oplysning og bestemmelser om

1)  kapitalselskabets selskabsform, navn og hjemsted,

2)  udkast til nye vedtægter for kapitalselskabet efter flytningen,

3)  den foreslåede tidsplan for flytningen, herunder den regnskabsmæssige virkning af flytningen,

4)  flytningens sandsynlige følger for beskæftigelsen i kapitalselskabet,

5)  de rettigheder i kapitalselskabet efter flytningen, der tillægges eventuelle indehavere af kapitalandele med særlige rettigheder og eventuelle indehavere af andre værdipapirer end kapitalandele, eller de foranstaltninger, der foreslås til fordel for disse personer,

Copyright © 2015 Karnov Group Denmark A/S

6) de særlige fordele, der indrømmes vurderingsmændene, der skal udtale sig om kreditorernes stilling, jf. § 318 d, og medlemmerne af kapitalselskabets ledelse, og

7) oplysning om de procedurer, hvorefter der i henhold til § 318 o er fastsat nærmere regler om medarbejdernes inddragelse i fastlæggelsen af deres rettigheder med hensyn til medbestemmelse i kapitalselskabet efter flytningen, hvis det er hensigtsmæssigt.

*Stk. 2.* Flytteplanen skal være underskrevet senest ved udløbet af det regnskabsår, hvori tidspunktet for flytningens regnskabsmæssige virkning, jf. stk. 1, nr. 3, indgår. Overskrides fristen, kan modtagelsen af flytteplanen i Erhvervsstyrelsen ikke offentliggøres, og flytningen dermed ikke vedtages.

### Flytteredegørelse

**§ 318 c.** Det centrale ledelsesorgan i kapitalselskabet, der flytter hjemsted til et andet EU/EØS-land, skal udarbejde en skriftlig redegørelse, i hvilken flytteplanen forklares og begrundes. Redegørelsen skal indeholde en redegørelse for følgerne af den grænseoverskridende flytning for selskabets kapitalejere, kreditorer og medarbejdere.

### Vurderingsmandserklæring om kreditorernes stilling

**§ 318 d.** I kapitalselskabet, der flytter hjemsted til et andet EU/EØS-land, skal en eller flere uvildige, sagkyndige vurderingsmænd udarbejde en erklæring om, hvorvidt kreditorerne i kapitalselskabet må antages at være tilstrækkeligt sikrede efter flytningen i forhold til selskabets nuværende situation. Kapitalejerne kan dog i enighed beslutte, at der ikke skal udarbejdes en sådan erklæring fra en vurderingsmand om kreditorernes stilling, jf. dog § 318 e.

*Stk. 2.* § 37 om vurderingsmænd finder tilsvarende anvendelse ved grænseoverskridende flytning af hjemsted.

### Mulighed for kreditorerne for at anmelde deres krav

**§ 318 e.** Hvis vurderingsmændene i deres erklæring om kreditorernes stilling, jf. § 318 d, finder, at kreditorerne i kapitalselskabet ikke er tilstrækkeligt sikrede efter flytningen, eller hvis der ikke er udarbejdet en erklæring fra en vurderingsmand om kreditorernes stilling, kan kreditorer, hvis fordringer er stiftet forud for Erhvervsstyrelsens offentliggørelse i medfør af § 318 f, stk. 4, senest 4 uger efter offentliggørelsen anmelde deres fordringer. Fordringer, for hvilke der er stillet betryggende sikkerhed, kan dog ikke anmeldes.

*Stk. 2.* Anmeldte fordringer, der er forfaldne, kan forlanges indfriet, og for anmeldte fordringer, der er uforfaldne, kan forlanges betryggende sikkerhed.

*Stk. 3.* Medmindre andet godtgøres, er sikkerhedsstillelse efter stk. 2 ikke fornøden, hvis indfrielse af fordringerne er sikret ved en ordning i henhold til lov.

*Stk. 4.* Er der mellem kapitalselskabet og anmeldte kreditorer uenighed om, hvorvidt der skal stilles sikkerhed, eller om, hvorvidt en tilbudt sikkerhed er tilstrækkelig, kan begge parter, senest 2 uger efter at fordringen er anmeldt, indbringe sagen for skifteretten på selskabets hjemsted til afgørelse af spørgsmålet.

*Stk. 5.* Kreditor kan ikke med bindende virkning ved den aftale, der ligger til grund for fordringen, frasige sig retten til at forlange sikkerhed efter stk. 2.

### Indsendelse af flytteplan og vurderingsmandserklæring om kreditorernes stilling

**§ 318 f.** Erhvervsstyrelsen skal senest 4 uger efter flytteplanens underskrivelse have modtaget en kopi af flytteplanen. Overskrides fristen, kan modtagelsen af flytteplanen ikke offentliggøres, og flytningen dermed ikke vedtages.

*Stk. 2.* Vurderingsmandserklæring om kreditorernes stilling, jf. § 318 d, stk. 1, 1. pkt., skal indsendes til Erhvervsstyrelsen, jf. dog stk. 3.

*Stk. 3.* Hvis muligheden for at fravælge vurderingsmandserklæring efter § 318 d, stk. 1, 2. pkt., er udnyttet, skal dette meddeles Erhvervsstyrelsen med angivelse af navn og cvr-nummer på det kapitalselskab, der skal flytte dets hjemsted.

*Stk. 4.* Erhvervsstyrelsens modtagelse af flytteplanen samt oplysninger og eventuelt vurderingsmandserklæring om kreditorernes stilling, jf. stk. 1-3, offentliggøres i Erhvervsstyrelsens it-system. Hvis kreditorerne har ret til at anmelde deres krav, jf. § 318 e, indeholder Erhvervsstyrelsens offentliggørelse oplysning herom.

*Stk. 5.* Erhvervsstyrelsen kan fastsætte nærmere regler om kapitalselskabers offentliggørelse af flytteplan og eventuelt medfølgende dokumenter.

### Beslutning om at gennemføre flytningen

**§ 318 g.** Beslutningen om gennemførelse af en flytning af kapitalselskabets hjemsted til et andet EU/EØS-land må tidligst træffes 4 uger efter Erhvervsstyrelsens offentliggørelse, jf. § 318 f, stk. 4, af modtagelsen af flytteplanen og eventuelt af vurderingsmændenes erklæring om kreditorernes stilling. Hvis offentliggørelsen vedrørende § 318 f, stk. 1, 1. pkt., og vedrørende § 318 f, stk. 2 eller 3, har fundet sted hver for sig, regnes fristen i 1. pkt. fra det seneste offentliggørelsestidspunkt.

*Stk. 2.* Hvis selskabet, der påtænkes flyttet, har afsluttet et regnskabsår inden tidspunktet for flytningens regnskabsmæssige virkningstidspunkt og generalforsamlingen endnu ikke har godkendt årsrapporten for denne regnskabsperiode, skal generalforsamlingen godkende årsrapporten for denne regnskabsperiode senest samtidig med beslutningen om gennemførelsen af flytningen.

*Stk. 3.* Kreditorer, der anmoder derom, skal have oplysning om, hvornår der træffes beslutning om flytningens eventuelle gennemførelse.

*Stk. 4.* Flytningens gennemførelse skal være i overensstemmelse med flytteplanen. Vedtages flytningen ikke i overensstemmelse med den offentliggjorte flytteplan, anses forslaget som bortfaldet.

*Stk. 5.* Følgende dokumenter skal, hvis de er udarbejdet, senest 4 uger før der skal træffes beslutning om gennemførelse af en flytning, stilles til rådighed for kapitalejerne, medmindre disse i enighed beslutter, at de pågældende dokumenter ikke skal fremlægges for kapitalejerne forud for eller på generalforsamlingen, jf. dog stk. 6:

1) Flytteplanen.

2) Kapitalselskabets godkendte årsrapporter for de sidste 3 regnskabsår eller den kortere tid, kapitalselskabet måtte have bestået.

3) Flytteredegørelse.

4) Vurderingsmændenes erklæring om kreditorernes stilling.

*Stk. 6.* Kapitalejere, der anmoder herom, skal vederlagsfrit have adgang til dokumenterne opregnet i stk. 5.

*Stk. 7.* Flytteredegørelse, jf. § 318 c, skal ved et kapitalselskabs flytning af hjemsted til et andet EU/EØS-land ligeledes senest 4 uger før en beslutning om gennemførelse af flytningen fremlægges på kapitalselskabets kontor til eftersyn for medarbejderrepræsentanterne eller, hvis der ikke er medarbejderrepræsentanter i det konkrete kapitalselskab, for medarbejderne selv.

**§ 318 h.** Beslutning om flytning til et andet EU/EØS-land træffes i det flyttende kapitalselskab af generalforsamlingen med det flertal, der kræves efter § 106, og i overensstemmelse med de yderligere forskrifter, som vedtægterne måtte indeholde om opløsning eller grænseoverskridende flytning af hjemsted. Er kapitalselskabet under likvidation, kan flytningen kun besluttes, hvis udlodning til kapita-

Copyright © 2015 Karnov Group Denmark A/S

lejerne endnu ikke er påbegyndt og generalforsamlingen samtidig træffer beslutning om at hæve likvidationen. § 231 om genoptagelse finder herefter ikke anvendelse.

**§ 318 i.** Det centrale ledelsesorgan skal på generalforsamlingen, hvor der skal træffes beslutning om gennemførelse af en grænseoverskridende flytning, oplyse om begivenheder af væsentlig betydning, herunder væsentlige ændringer i aktiver og forpligtelser, der er indtruffet i tiden mellem flytteplanens underskrivelse og generalforsamlingen.

**§ 318 j.** Generalforsamlingen kan gøre vedtagelsen af en grænseoverskridende flytning betinget af, at generalforsamlingen efterfølgende godkender de fastlagte retningslinjer for medarbejdernes medbestemmelse.

### Mulighed for at kræve indløsning

**§ 318 k.** Kapitalejerne i det kapitalselskab, der flytter til et andet EU/EØS-land, og som på generalforsamlingen har modsat sig flytningen, kan kræve, at kapitalselskabet indløser deres kapitalandele, hvis krav herom fremsættes skriftligt senest 4 uger efter generalforsamlingens afholdelse. § 110 finder i øvrigt tilsvarende anvendelse.

*Stk. 2.* Den attest, der skal udstedes i henhold til § 318 m, kan først udstedes, når der er stillet betryggende sikkerhed for kapitalandelenes værdi. Skønsmænd udmeldt af retten på kapitalselskabets hjemsted afgør, om sikkerheden er betryggende. Indbringes skønsmændenes afgørelse for retten, har dette ikke opsættende virkning for Erhvervsstyrelsens mulighed for at udfærdige attesten, medmindre retten bestemmer andet.

### Anmeldelse om gennemførelse af en grænseoverskridende flytning af hjemsted

**§ 318 l.** Den vedtagne flytning skal registreres eller anmeldes til registrering, jf. § 9, i Erhvervsstyrelsen, senest 2 uger efter at flytningen er besluttet, jf. dog stk. 2. Registreringen eller anmeldelsen skal vedlægges dokumenterne, som er nævnt i § 318 g, stk. 5, nr. 3 og 4, hvis de er udarbejdet.

*Stk. 2.* Anmeldelse om den vedtagne flytning skal være modtaget i Erhvervsstyrelsen senest ved udløbet af indsendelsesfristen for årsrapporten for den periode, hvori tidspunktet for flytningens regnskabsmæssige virkning, jf. § 318 b, stk. 1, nr. 3, indgår, dog senest 1 år efter styrelsens offentliggørelse af modtagelse af flytteplanen i henhold til § 318 f. Overskrides en af disse to frister, mister beslutningen om flytningens gennemførelse sin gyldighed, og den udarbejdede flytteplan i henhold til § 318 b anses for bortfaldet.

### Attestudstedelse

**§ 318 m.** Når Erhvervsstyrelsen modtager anmeldelsen om gennemførelse af en flytning af hjemsted til et andet EU/EØS-land, påser styrelsen, om alle de handlinger og formaliteter, der skal opfyldes forud for flytningen, er afsluttet. Erhvervsstyrelsen udsteder hurtigt muligt en attest herom til kapitalselskabet, når følgende betingelser er opfyldt, jf. dog stk. 2:

1)  Flytningen er besluttet i det danske kapitalselskab.
2)  Kreditorernes krav anmeldt efter § 318 e er afgjort.
3)  Kapitalejernes krav om indløsning efter § 318 k er afgjort.

*Stk. 2.* Hvis det regnskabsmæssige virkningstidspunkt af flytningen er efter tidspunktet for beslutningen om at gennemføre flytningen, kan attesten dog først udstedes på det regnskabsmæssige virkningstidspunkt. Tidspunktet for flytningens regnskabsmæssige virkningstidspunkt kan ikke være senere end 2 uger efter beslutningen om at gennemføre flytningen, dog ikke senere end tidspunktet for flytningens anmeldelse, jf. § 318 l, stk. 1. Det regnskabsmæssige

virkningstidspunkt og tidspunktet for beslutningen om at gennemføre flytningen skal endvidere være i samme regnskabsår for kapitalselskabet.

*Stk. 3.* Den endelige registrering af selskabets flytning af hjemsted til et andet EU/EØS-land foretager Erhvervsstyrelsen, når styrelsen har modtaget en underretning fra den kompetente myndighed i det land, hvor kapitalselskabet efter flytningen skal have hjemsted, om, at flytningen af kapitalselskabets hjemsted nu er endeligt registreret i dette land.

### Flytning af et kapitalselskabs hjemsted til Danmark

**§ 318 n.** Et kapitalselskab med hjemsted i et andet EU/EØS-land kan flytte hjemsted til Danmark, når den kompetente myndighed i det land, hvor kapitalselskabet hidtil har haft hjemsted, har udstedt en attest om, at alle de handlinger og formaliteter, der skal opfyldes forud for flytningen, er afsluttet, og at den udenlandske registreringsmyndighed vil registrere flytningen af hjemstedet.

*Stk. 2.* Efter modtagelsen af attesten, jf. stk. 1, registrerer Erhvervsstyrelsen gennemførelsen af den grænseoverskridende flytning af hjemsted til Danmark og underretter hurtigt muligt derefter den kompetente myndighed i det land, hvor kapitalselskabet hidtil har haft hjemsted, om, at flytningen nu er registreret. Registreringen kan først finde sted, når selskabet opfylder denne lovs krav til den pågældende selskabsform.

*Stk. 3.* En grænseoverskridende flytning af hjemsted til Danmark har virkning fra den dag, hvor Erhvervsstyrelsen registrerer flytningen.

*Stk. 4.* Kapitel 3 om stiftelse finder ikke anvendelse, når et kapitalselskab ved en grænseoverskridende flytning af hjemsted flytter sit hjemsted fra et andet EU/EØS-land til Danmark.

### Medarbejdernes medbestemmelse ved et kapitalselskabs grænseoverskridende flytning af hjemsted

**§ 318 o.** §§ 311-317 finder med de nødvendige tilpasninger tilsvarende anvendelse på grænseoverskridende flytning af hjemsted.

## Kapitel 17. *Omdannelse*

### Omdannelse af anpartsselskab til aktieselskab

**§ 319.** Anpartshaverne kan med det flertal, der kræves til vedtægtsændring, vedtage at omdanne et anpartsselskab til et aktieselskab. Anpartshaverne skal, inden der træffes beslutning om omdannelsen, gøres bekendt med en vurderingsberetning, der udarbejdes efter §§ 36 og 37, henholdsvis en ledelseserklæring efter reglerne i § 38. §§ 42-44 finder tilsvarende anvendelse på erhvervelser efter omdannelsen. Omdannelsen kan gennemføres uden kreditorernes samtykke. § 31 finder tilsvarende anvendelse ved omdannelse af et anpartsselskab til aktieselskab.

*Stk. 2.* Meddelelse om vedtagelsen af omdannelsen sendes senest 2 uger efter vedtagelsen til alle anpartshavere, som ikke har deltaget i beslutningen.

**§ 320.** Et anpartsselskabs omdannelse til aktieselskab anses for sket, når selskabets vedtægter er ændret således, at de opfylder kravene for aktieselskaber, og når omdannelsen er registreret i Erhvervsstyrelsens it-system.

### Omdannelse af aktieselskab til anpartsselskab

**§ 321.** Generalforsamlingen kan med det flertal, der kræves til ændring af et selskabs vedtægter, vedtage at omdanne et aktieselskab til et anpartsselskab. Omdannelsen kan gennemføres uden kreditorernes samtykke.

Copyright © 2015 Karnov Group Denmark A/S

*Stk. 2.* Meddelelse om vedtagelsen af omdannelsen sendes senest 2 uger efter vedtagelsen til alle aktionærer, som ikke har deltaget i beslutningen.

**§ 322.** Et aktieselskabs omdannelse til anpartsselskab anses som sket, når selskabets vedtægter er ændret således, at de opfylder kravene for anpartsselskaber, og når omdannelsen er registreret i Erhvervsstyrelsens it-system.

### Omdannelse af aktieselskab til partnerselskab

**§ 323.** Generalforsamlingen kan med det flertal, der kræves til vedtægtsændring, vedtage at omdanne et aktieselskab til et partnerselskab. Omdannelsen kan gennemføres uden kreditorernes samtykke.

*Stk. 2.* Meddelelsen om vedtagelsen sendes senest 2 uger efter vedtagelsen til enhver noteret aktionær samt til de indtrædende fuldt ansvarlige deltagere.

*Stk. 3.* Et aktieselskabs omdannelse til partnerselskab anses for sket, når selskabets vedtægter er ændret således, at de opfylder kravene for partnerselskaber, og når omdannelsen er registreret i Erhvervsstyrelsens it-system.

### Omdannelse af partnerselskab til aktieselskab

**§ 324.** Generalforsamlingen kan med det flertal, der kræves til vedtægtsændring, og med de fuldt ansvarlige deltageres samtykke vedtage at omdanne et partnerselskab til et aktieselskab. Omdannelsen kan gennemføres uden kreditorernes samtykke. Generalforsamlingen skal, inden der træffes beslutning om omdannelsen, gøres bekendt med en vurderingsberetning, der udarbejdes efter §§ 36 og 37, henholdsvis en ledelseserklæring efter reglerne i § 38. §§ 42-44 finder tilsvarende anvendelse på erhvervelser efter beslutningen om omdannelsen. § 31 finder tilsvarende anvendelse ved omdannelse af et partnerselskab til aktieselskab.

*Stk. 2.* Meddelelse om vedtagelsen af omdannelsen sendes senest 2 uger efter vedtagelsen til alle selskabsdeltagere, som ikke har deltaget i beslutningen.

*Stk. 3.* Et partnerselskabs omdannelse til aktieselskab anses for sket, når selskabets vedtægter er ændret således, at de opfylder kravene for aktieselskaber, og når omdannelsen er registreret i Erhvervsstyrelsens it-system.

*Stk. 4.* Ved et partnerselskabs omdannelse til aktieselskab hæfter den fuldt ansvarlige deltager efter omdannelsen fortsat for forpligtelser indgået før omdannelsen.

### Omdannelse af andelsselskab til aktieselskab

**§ 325.** I et andelsselskab med begrænset ansvar kan det organ, der er beføjet til at ændre vedtægterne, vedtage at omdanne selskabet til et aktieselskab, jf. §§ 326-337. Omdannelsen kan gennemføres uden kreditorernes samtykke.

### Omdannelsesplan

**§ 326.** Det centrale ledelsesorgan i andelsselskabet opretter og underskriver i forening en omdannelsesplan, jf. dog stk. 2.

*Stk. 2.* Andelshaverne kan i enighed beslutte, at der ikke skal udarbejdes en omdannelsesplan, jf. dog § 335, stk. 2 og 3.

*Stk. 3.* Omdannelsesplanen skal indeholde oplysning og bestemmelser om

1) andelsselskabets navn og eventuelle binavne før og efter omdannelsen,
2) andelsselskabets hjemsted,
3) vederlaget til andelshaverne,
4) tidspunktet, fra hvilket aktierne i aktieselskabet giver ret til udbytte,

5) de rettigheder i aktieselskabet, der tillægges eventuelle indehavere af ejerandele og gældsbreve med særlige rettigheder i andelsselskabet inden omdannelsen,
6) eventuelle andre foranstaltninger til fordel for indehavere af de i nr. 5 omhandlede ejerandele og gældsbreve,
7) notering af aktierne, der ydes som vederlag, samt eventuel udlevering af aktiebreve,
8) enhver særlig fordel, der som led i omdannelsen gives medlemmerne af selskabets ledelse, og
9) udkast til vedtægter, jf. §§ 28 og 29, for aktieselskabet efter omdannelsen.

### Omdannelsesredegørelse

**§ 327.** Det centrale ledelsesorgan i andelsselskabet skal udarbejde en skriftlig redegørelse, i hvilken den påtænkte omdannelse, herunder en eventuel omdannelsesplan, forklares og begrundes, jf. dog stk. 2. Redegørelsen skal indeholde oplysning om fastsættelsen af vederlaget til andelshaverne, herunder særlige vanskeligheder forbundet med fastsættelsen.

*Stk. 2.* Andelshaverne kan i enighed beslutte, at der ikke skal udarbejdes en omdannelsesredegørelse.

### Mellembalance

**§ 328.** Hvis omdannelsesplanen er underskrevet mere end 6 måneder efter udløbet af det regnskabsår, som andelsselskabets seneste årsrapport eller undtagelseserklæring vedrører, skal der udarbejdes en mellembalance, jf. dog stk. 4.

*Stk. 2.* Hvis der er tale om en omdannelse, hvor omdannelsesplanen er fravalgt, jf. § 326, stk. 2, skal der for det pågældende andelsselskab udarbejdes en mellembalance, hvis beslutningen om fravalg af omdannelsesplanen er truffet mere end 6 måneder efter udløbet af det regnskabsår, som andelsselskabets seneste årsrapport eller undtagelseserklæring vedrører, jf. dog stk. 4.

*Stk. 3.* Mellembalancen, der skal udarbejdes i overensstemmelse med det regelsæt, som andelsselskabet udarbejder årsrapport efter, må ikke have en opgørelsesdato, der ligger mere end 3 måneder forud for underskrivelsen af omdannelsesplanen. Mellembalancen skal være revideret, hvis andelsselskabet er omfattet af revisionspligt efter årsregnskabsloven eller anden lovgivning.

*Stk. 4.* Andelshaverne kan i enighed beslutte, at der ikke skal udarbejdes en mellembalance, uanset at en eventuel omdannelsesplan er underskrevet mere end 6 måneder efter udløbet af det regnskabsår, som andelsselskabets seneste årsrapport eller undtagelseserklæring vedrører.

### Vurderingsberetning om apportindskud

**§ 329.** Som led i omdannelsen skal der indhentes en beretning fra en vurderingsmand. Vurderingsmanden udpeges efter § 37, stk. 1. § 37, stk. 2 og 3, finder tilsvarende anvendelse på vurderingsmændenes forhold til andelsselskabet, der ønskes omdannet.

*Stk. 2.* Vurderingsberetningen skal indeholde

1) en beskrivelse af hvert indskud,
2) oplysning om den anvendte fremgangsmåde ved vurderingen,
3) angivelse af det fastsatte vederlag og
4) erklæring om, at den ansatte værdi mindst svarer til det aftalte vederlag, herunder den eventuelle pålydende værdi af de aktier, der skal udstedes, med tillæg af eventuel overkurs.

*Stk. 3.* Vurderingsberetningen må ikke være udarbejdet mere end 3 måneder før tidspunktet for omdannelsens eventuelle vedtagelse, jf. § 334. Overskrides fristen, kan omdannelsen ikke gyldigt vedtages.

### Vurderingsmandsudtalelse om den påtænkte omdannelse, herunder en eventuel omdannelsesplan

**§ 330.** En eller flere uvildige, sagkyndige vurderingsmænd skal udarbejde en skriftlig udtalelse om omdannelsesplanen, herunder vederlaget, jf. stk. 4. I en omdannelse, hvor omdannelsesplanen er fravalgt, jf. § 326, stk. 2, skal vurderingsmanden afgive en skriftlig udtalelse om den påtænkte omdannelse, herunder vederlaget, jf. stk. 4. Andelshaverne kan i enighed beslutte, at der ikke skal udarbejdes en udtalelse fra en vurderingsmand om den påtænkte omdannelse.
*Stk. 2.* Vurderingsmændene udpeges efter § 37, stk. 1.
*Stk. 3.* § 37, stk. 2 og 3, finder tilsvarende anvendelse på vurderingsmændenes forhold til andelsselskabet, der ønskes omdannet.
*Stk. 4.* Udtalelsen skal indeholde erklæring om, hvorvidt vederlaget til andelshaverne i andelsselskabet er rimeligt og sagligt begrundet. Erklæringen skal angive den eller de fremgangsmåder, der er anvendt ved fastsættelsen af vederlaget, samt vurdere hensigtsmæssigheden heraf. Erklæringen skal endvidere angive de værdier, som fremgangsmåderne hver for sig fører til, og den betydning, der må tillægges fremgangsmåderne i forhold til hinanden ved værdiansættelsen. Har der været særlige vanskeligheder forbundet med værdiansættelsen, omtales disse i erklæringen.

### Vurderingsmandserklæring om kreditorernes stilling

**§ 331.** Vurderingsmændene skal ud over den i § 330 nævnte erklæring endvidere afgive erklæring om, hvorvidt andelsselskabets kreditorer må antages at være tilstrækkeligt sikrede efter omdannelsen i forhold til selskabets nuværende situation. Andelshaverne kan dog i enighed beslutte, at der ikke skal udarbejdes en sådan erklæring fra en vurderingsmand om kreditorernes stilling.

### Mulighed for, at kreditorerne kan anmelde deres krav

**§ 332.** Hvis vurderingsmændene i deres erklæring om kreditorernes stilling, jf. § 331, finder, at kreditorerne i andelsselskabet ikke er tilstrækkeligt sikrede efter omdannelsen, eller hvis der ikke er udarbejdet en erklæring fra en vurderingsmand om kreditorernes stilling, kan kreditorer, hvis fordringer er stiftet forud for Erhvervsstyrelsens offentliggørelse i medfør af § 333, senest 4 uger efter offentliggørelsen anmelde deres fordringer til selskabet. Fordringer, for hvilke der er stillet betryggende sikkerhed, kan dog ikke anmeldes.
*Stk. 2.* Anmeldte fordringer, der er forfaldne, kan forlanges indfriet, og for anmeldte fordringer, der er uforfaldne, kan der forlanges betryggende sikkerhed.
*Stk. 3.* Medmindre andet godtgøres, er sikkerhedsstillelse efter stk. 2 ikke fornøden, hvis indfrielse af fordringerne er sikret ved en ordning i henhold til lov.
*Stk. 4.* Er der mellem selskabet og anmeldte kreditorer uenighed om, hvorvidt der skal stilles sikkerhed, eller om, hvorvidt en tilbudt sikkerhed er tilstrækkelig, kan begge parter, senest 2 uger efter at fordringen er anmeldt, indbringe sagen for skifteretten på selskabets hjemsted til afgørelse af spørgsmålet.
*Stk. 5.* Kreditor kan ikke med bindende virkning ved den aftale, der ligger til grund for fordringen, frasige sig retten til at forlange sikkerhed efter stk. 4.
*Stk. 6.* (Ophævet)

### Indsendelse af oplysninger om den påtænkte omdannelse, herunder eventuel omdannelsesplan og eventuel vurderingsmandserklæring om kreditorernes stilling

**§ 333.** Erhvervsstyrelsen skal senest 4 uger efter en eventuel omdannelsesplans underskrivelse have modtaget en kopi af omdannelsesplanen, jf. stk. 2. Overskrides fristen, kan modtagelsen af omdannelsesplanen ikke offentliggøres, og omdannelsen dermed ikke vedtages.
*Stk. 2.* Hvis andelsselskabet har udnyttet muligheden for at fravælge udarbejdelsen af en omdannelsesplan, jf. § 326, stk. 2, skal dette meddeles Erhvervsstyrelsen med angivelse af andelsselskabets navn og cvr-nummer.
*Stk. 3.* Vurderingsmandserklæring om kreditorernes stilling, jf. § 331, 1. pkt., skal indsendes til Erhvervsstyrelsen, jf. dog stk. 4.
*Stk. 4.* Hvis muligheden for at fravælge udarbejdelsen af en vurderingsmandserklæring om kreditorernes stilling, jf. § 331, 2. pkt., er udnyttet, skal dette meddeles Erhvervsstyrelsen med angivelse af andelsselskabets navn og cvr-nummer.
*Stk. 5.* Erhvervsstyrelsens modtagelse af oplysninger og eventuelle dokumenter, jf. stk. 1-4, offentliggøres i Erhvervsstyrelsens it-system. Hvis kreditorerne har ret til at anmelde deres krav, jf. § 332, indeholder Erhvervsstyrelsens offentliggørelse oplysning herom.
*Stk. 6.* Erhvervsstyrelsen kan fastsætte nærmere regler om andelsselskabers offentliggørelse af omdannelsesplan og eventuelt medfølgende dokumenter.

### Beslutning om at gennemføre omdannelse

**§ 334.** Beslutning om gennemførelse af en omdannelse må tidligst træffes 4 uger efter Erhvervsstyrelsens offentliggørelse, jf. § 333, stk. 5, af modtagelsen af oplysninger om den påtænkte omdannelse, jf. dog stk. 2 og 3. Hvis offentliggørelsen vedrørende § 333, stk. 1 eller 2, og vedrørende § 333, stk. 3 eller 4, har fundet sted hver for sig, regnes fristen i 1. pkt. fra det seneste offentliggørelsestidspunkt.
*Stk. 2.* Hvis det i vurderingsmændenes erklæring om kreditorernes stilling antages, jf. § 331, at kreditorerne i andelsselskabet er tilstrækkeligt sikrede efter omdannelsen, kan andelshaverne i enighed efter Erhvervsstyrelsens offentliggørelse, jf. § 333, stk. 5, af modtagelsen af oplysninger om den påtænkte omdannelse beslutte at fravige fristen efter stk. 1.
*Stk. 3.* I en omdannelse, hvor omdannelsesplanen er fravalgt, jf. § 326, stk. 2, er der ikke krav om, at Erhvervsstyrelsen skal have foretaget offentliggørelse, jf. § 333, stk. 5, inden andelshaverne kan træffe beslutning om gennemførelsen af omdannelsen, hvis der er udarbejdet en vurderingsmandserklæring om kreditorernes stilling, jf. § 331, og hvis vurderingsmændene i deres erklæring om kreditorernes stilling finder, at kreditorerne i andelsselskabet er tilstrækkeligt sikrede efter omdannelsen.
*Stk. 4.* Kreditorer, der anmoder herom, skal have oplysning om, hvornår der træffes beslutning om omdannelsens eventuelle gennemførelse.
*Stk. 5.* Omdannelsens gennemførelse skal være i overensstemmelse med omdannelsesplanen, hvis der er udarbejdet en omdannelsesplan. Vedtages omdannelsen ikke i overensstemmelse med en eventuel offentliggjort omdannelsesplan, anses forslaget som bortfaldet.
*Stk. 6.* Følgende dokumenter skal, hvis de er udarbejdet, senest 4 uger før der skal træffes beslutning om gennemførelse af omdannelsen, stilles til rådighed for andelshaverne på andelsselskabets hjemsted eller hjemmeside, medmindre disse i enighed beslutter, at de pågældende dokumenter ikke skal fremlægges for andelshaverne forud for eller på generalforsamlingen, jf. dog stk. 7:
1)  Omdannelsesplanen.
2)  Andelsselskabets godkendte årsrapporter for de sidste 3 regnskabsår eller den kortere tid, selskabet måtte have bestået.
3)  Omdannelsesredegørelse.
4)  Mellembalance.
5)  Vurderingsberetning om apportindskud.

6) Vurderingsmændenes udtalelser om den påtænkte omdannelse, herunder en eventuel omdannelsesplan.

7) Vurderingsmændenes erklæring om kreditorernes stilling.

*Stk. 7.* Andelshavere, der anmoder herom, skal vederlagsfrit have adgang til de dokumenter, der er nævnt i stk. 6.

**§ 335.** Beslutning om omdannelse træffes af det organ, der er beføjet til at ændre vedtægterne. Beslutningen træffes med det flertal, der kræves til at træffe beslutning om opløsning af selskabet, dog mindst med tilslutning af 4/5 af andelshaverne eller disses stemmer, når stemmeafgivning sker på grundlag af omsætning el.lign. Er andelsselskabet under likvidation, kan omdannelsen kun besluttes, hvis udlodning til andelshaverne endnu ikke er påbegyndt, og hvis andelshaverne samtidig træffer beslutning om at hæve likvidationen. § 31 finder tilsvarende anvendelse ved omdannelse af et andelsselskab til aktieselskab.

*Stk. 2.* I en omdannelse, hvor omdannelsesplanen er fravalgt, jf. § 326, stk. 2, skal det centrale ledelsesorgan oplyse om begivenheder af væsentlig betydning, herunder væsentlige ændringer i aktiver og forpligtelser, der er indtruffet i tiden mellem balancedagen i andelsselskabets seneste årsrapport eller undtagelseserklæring og generalforsamlingen.

*Stk. 3.* I forbindelse med vedtagelsen af omdannelsens gennemførelse skal der tages stilling til følgende forhold, hvis omdannelsesplanen er fravalgt, jf. § 326:

1) Andelsselskabets navn og eventuelle binavne.

2) Vederlaget for andelene i det omdannede andelsselskab.

3) Tidspunktet, fra hvilket de aktier, der eventuelt ydes som vederlag, giver ret til udbytte.

4) Vedtægter, jf. §§ 28 og 29.

*Stk. 4.* Det centrale ledelsesorgan i andelsselskabet skal på det møde, hvor der skal træffes beslutning om omdannelsens gennemførelse, oplyse om begivenheder af væsentlig betydning, herunder væsentlige ændringer i aktiver og forpligtelser, der er indtruffet efter omdannelsesplanens underskrivelse.

*Stk. 5.* Meddelelse om omdannelsen skal senest 2 uger efter vedtagelsen være givet til alle andelshavere.

*Stk. 6.* Foretages valg af eventuel ledelse og eventuel revisor ikke, umiddelbart efter at der er truffet beslutning om omdannelsens gennemførelse, skal der senest 2 uger derefter afholdes en generalforsamling i aktieselskabet til valg heraf. Andelshaverne skal enten i forbindelse med omdannelsen eller på denne efterfølgende generalforsamling træffe beslutning om, hvorvidt selskabets kommende årsregnskaber skal revideres, hvis selskabet ikke er omfattet af revisionspligten efter årsregnskabsloven eller anden lovgivning.

### Mulighed for at kræve godtgørelse

**§ 336.** Andelshaverne kan kræve godtgørelse af selskabet, hvis vederlaget til andelshaverne ikke er rimeligt og sagligt begrundet, og hvis de har taget forbehold herom på det møde, hvor der blev truffet beslutning om omdannelsens gennemførelse.

*Stk. 2.* Sag i henhold til stk. 1 skal anlægges, senest 2 uger efter at omdannelsen er besluttet, jf. § 330.

*Stk. 3.* Er der taget forbehold i henhold til stk. 1, kan anmeldelsen om omdannelsens gennemførelse først registreres efter udløbet af 2-ugers-fristen, jf. stk. 2, medmindre vurderingsmændene i deres udtalelse om planen, herunder vederlag, jf. § 330, finder, at vederlaget til andelshaverne er rimeligt og sagligt begrundet.

### Registrering af gennemførelse af omdannelse

**§ 337.** Den vedtagne omdannelse skal for andelsselskabet registreres eller anmeldes til registrering, jf. § 9, i Erhvervsstyrelsen, senest 2 uger efter omdannelsen er besluttet. Registreringen eller anmel-

delsen skal vedlægges dokumenterne, som er nævnt i § 334, stk. 6, nr. 3-7, hvis de er udarbejdet.

*Stk. 2.* Den vedtagne omdannelse skal registreres eller anmeldes til registrering, jf. § 9, senest 1 år efter Erhvervsstyrelsens offentliggørelse, jf. § 333, stk. 5, af modtagelsen af oplysninger om den påtænkte omdannelse. Overskrides fristen, mister beslutningen om omdannelsens gennemførelse sin gyldighed, og en eventuel udarbejdet omdannelsesplan i henhold til § 326 anses for bortfaldet.

*Stk. 3.* Et andelsselskabs omdannelse til aktieselskab kan registreres når:

1) Omdannelsen er besluttet af andelshaverne, jf. § 335, stk. 1.

2) Kreditorernes krav anmeldt efter § 332 er afgjort.

3) Betingelserne i § 335, stk. 4, om valg af medlemmer til det øverste ledelsesorgan og revisor er opfyldt.

4) Andelshavernes krav om godtgørelse efter § 336 er afgjort, medmindre der er stillet betryggende sikkerhed for kravet. Hvis der er udarbejdet en vurderingsmandsudtalelse om den påtænkte omdannelse, herunder vederlaget, og det i vurderingsmandsudtalelsen antages, at vederlaget er rimeligt og sagligt begrundet, skal vurderingsmændene endvidere have erklæret, at deres udtalelse om vederlaget ikke anfægtes i væsentlig grad. Vurderingsmændene afgør, om sikkerheden er betryggende.

5) Der er ansat en direktion.

*Stk. 4.* Et andelsselskabs omdannelse til aktieselskab anses for sket, når selskabets vedtægter er ændret, således at de opfylder kravene for aktieselskaber, og når omdannelsen er registreret i Erhvervsstyrelsens it-system.

*Stk. 5.* Optagelsen i ejerbogen og eventuel udlevering af aktiebreve må ikke ske, før omdannelsen er registreret.

*Stk. 6.* Er der forløbet 3 år efter omdannelsen, uden at alle dertil berettigede har fremsat anmodning om optagelse i selskabets ejerbog, kan det centrale ledelsesorgan ved en offentliggørelse i Erhvervsstyrelsens it-system opfordre den eller de pågældende til inden for 6 måneder at henvende sig til selskabet. Når fristen er udløbet, uden at henvendelsen er sket, kan bestyrelsen for aktionærens regning afhænde aktierne. I salgsprovenuet kan selskabet fradrage omkostningerne ved offentliggørelsen og afhændelsen. Er salgsprovenuet ikke afhentet senest 3 år efter afhændelsen, tilfalder beløbet selskabet.

*Stk. 7.* §§ 42-44 finder tilsvarende anvendelse, hvis det omdannede aktieselskab erhverver formueværdier fra en aktionær, der er aktieselskabet bekendt, i tiden indtil 24 måneder efter at omdannelsen er registreret.

## Kapitel 18. *Overtagelsestilbud i aktieselskaber, der har aktier optaget til handel på et reguleret marked eller en multilateral handelsfacilitet*

**§ 338.** Bestemmelserne i dette kapitel gælder for aktieselskaber, der har en eller flere aktieklasser med tilknyttede stemmerettigheder optaget til handel på et reguleret marked eller en multilateral handelsfacilitet i et EU- eller EØS-land, jf. dog § 340, stk. 4.

### Særlig inddragelse af generalforsamlingen

**§ 339.** Generalforsamlingen kan beslutte at indføre en ordning, hvorefter det centrale ledelsesorgan i aktieselskab, hvis aktier er genstand for et overtagelsestilbud, jf. kapitel 8 i lov om værdipapirhandel mv., skal indhente generalforsamlingens godkendelse, før der iværksættes foranstaltninger, der kan lægge hindringer i vejen for et tilbud, bortset fra beslutning om at undersøge muligheder for andre tilbud.

Copyright © 2015 Karnov Group Denmark A/S

*Stk. 2.* Generalforsamlingen træffer beslutning efter stk. 1 i overensstemmelse med de krav til stemmeflerhed, som § 106, stk. 1, fastsætter. Beslutningen skal endvidere opfylde de yderligere forskrifter, som er fastsat i aktieselskabets vedtægter i medfør af § 106, stk. 1. Tilsvarende gælder, hvis beslutningen efterfølgende ændres.

*Stk. 3.* Generalforsamlingens godkendelse, jf. stk. 1, er påkrævet fra det tidspunkt, hvor tilbudsgiver offentliggør beslutning om, at et overtagelsestilbud vil blive fremsat, og indtil resultatet af tilbuddet foreligger og er offentliggjort efter reglerne i kapitel 8 i lov om værdipapirhandel m.v. eller tilbuddet er bortfaldet. Generalforsamlingens godkendelse skal herefter indhentes, uanset om der er tale om foranstaltninger, som er besluttet, før det centrale ledelsesorgan har modtaget oplysning om overtagelsestilbuddet.

*Stk. 4.* Uanset § 94, stk. 2, og selv om vedtægterne foreskriver en længere frist, kan aktieselskabets centrale ledelsesorgan indkalde generalforsamlingen med et varsel på mindst 2 uger med det formål at indhente generalforsamlingens godkendelse til foranstaltninger som efter stk. 1.

*Stk. 5.* Har et aktieselskabs generalforsamling indført en ordning om at inddrage generalforsamlingen, jf. stk. 1, kan generalforsamlingen beslutte, at denne ordning alene finder anvendelse, hvis aktieselskabets aktier bliver genstand for et tilbud fra et selskab i et EU- eller EØS-land, som har indført en tilsvarende ordning, eller som direkte eller indirekte kontrolleres af et moderselskab, jf. §§ 6 og 7, der har indført en tilsvarende ordning.

*Stk. 6.* Aktieselskabet skal hurtigst muligt meddele generalforsamlingens beslutning om at indføre en ordning efter stk. 1 til Erhvervsstyrelsen og til tilsynsmyndighederne i et EU- eller EØS-land, hvor aktieselskabets aktier er optaget til handel på et reguleret marked eller en multilateral handelsfacilitet, eller hvor der er ansøgt om optagelse til handel. Oplysning om generalforsamlingens beslutning offentliggøres i Erhvervsstyrelsens it-system.

### Suspension af særlige rettigheder

**§ 340.** Generalforsamlingen kan beslutte at indføre en ordning, hvorefter særlige rettigheder eller begrænsninger, der knytter sig til besiddelsen af aktier i aktieselskabet eller til den enkelte aktie, suspenderes, hvis aktieselskabets aktier bliver genstand for et overtagelsestilbud, jf. kapitel 8 i lov om værdipapirhandel m.v.

*Stk. 2.* Generalforsamlingen træffer beslutning efter stk. 1 i overensstemmelse med de krav til stemmeflerhed, som § 106, stk. 1, fastsætter. Beslutningen skal endvidere opfylde de yderligere forskrifter, som er fastsat i aktieselskabets vedtægter i medfør af § 106, stk. 1. Findes der flere aktieklasser i aktieselskabet, skal beslutningen endvidere opfylde de krav til stemmeflerhed, som § 107, stk. 3, fastsætter. Samme krav skal iagttages, hvis beslutningen efterfølgende ændres.

*Stk. 3.* Aktieselskabet skal hurtigst muligt meddele generalforsamlingens beslutning om en sådan ordning til Erhvervsstyrelsen og til de tilsynsmyndigheder i et EU- eller EØS-land, hvor aktieselskabets aktier er optaget til handel på et reguleret marked eller en multilateral handelsfacilitet, eller hvor der er ansøgt om optagelse til handel. Oplysning om generalforsamlingens beslutning offentliggøres i Erhvervsstyrelsens it-system.

*Stk. 4.* Stk. 1-3 finder ikke anvendelse på aktieselskaber, hvori den danske stat besidder aktier med stemmeret, hvortil der er tilknyttet særlige rettigheder, som er forenelige med EF-Traktaten.

### Suspensionens retsvirkninger

**§ 341.** Generalforsamlingens beslutning om suspension efter § 340, stk. 1, medfører, at begrænsninger i retten til at overdrage eller erhverve aktier, som er fastsat i aktieselskabets vedtægter eller i

henhold til aftale, ikke kan gøres gældende over for tilbudsgiver i tilbudsperioden, jf. dog § 342, stk. 1. Har tilbudsgiver opstillet særlige betingelser i tilbudsdokumentet, gælder suspensionen af de nævnte begrænsninger, indtil tilbudsgiver i overensstemmelse med tilbudsdokumentet har taget stilling til, om tilbuddet kan gennemføres.

*Stk. 2.* På generalforsamling, der er omfattet af § 339, indebærer beslutning om suspension efter § 340, stk. 1,

1)  at stemmeretsbegrænsninger, som er fastsat i aktieselskabets vedtægter eller i henhold til aftale, ikke kan gøres gældende, jf. dog § 342, stk. 2, og

2)  at aktier, som i aktieselskabets vedtægter, jf. § 46, stk. 1, eller i henhold til aftale er tillagt større stemmeværdi, kun giver stemmeret i forhold til aktiens del af den samlede stemmeberettigede kapital, jf. dog § 342, stk. 2.

*Stk. 3.* På den generalforsamling, der er omfattet af § 343, indebærer beslutning om suspension efter § 340, stk. 1,

1)  at stemmeretsbegrænsninger, som er fastsat i aktieselskabets vedtægter eller i henhold til aftale, ikke kan gøres gældende, jf. dog § 342, stk. 2,

2)  at aktier, som i aktieselskabets vedtægter, jf. § 46, stk. 1, eller i henhold til aftale er tillagt større stemmeværdi, kun giver stemmeret i forhold til aktiens del af den samlede stemmeberettigede kapital, jf. dog § 342, stk. 2, og

3)  at særlige rettigheder for visse aktionærer til at udpege medlemmer af ledelsen i henhold til aktieselskabets vedtægter ikke kan gøres gældende.

*Stk. 4.* Generalforsamlingen kan beslutte, at stk. 1-3 alene finder anvendelse, hvis aktieselskabets aktier bliver genstand for et tilbud fra et aktieselskab i et EU- eller EØS-land, som har truffet tilsvarende beslutning om suspension, eller som direkte eller indirekte kontrolleres af et moderselskab, der har truffet tilsvarende beslutning om suspension af særlige rettigheder eller begrænsninger, der knytter sig til aktiebesiddelsen eller til den enkelte aktie.

**§ 342.** Aftaler om begrænsninger i retten til at overdrage eller erhverve aktier, som er indgået før den 31. marts 2004, kan uanset § 340, stk. 1, gøres gældende over for tilbudsgiver.

*Stk. 2.* Aftaler om udøvelse af stemmeret, som er indgået før den 31. marts 2004, kan uanset § 340, stk. 1, gøres gældende på de generalforsamlinger, der er omfattet af §§ 339 og 343.

### Vedtægtsændringer i forlængelse af gennemført overtagelsestilbud

**§ 343.** En tilbudsgiver, som har erhvervet 75 pct. eller mere af den stemmeberettigede kapital i et aktieselskab, der har truffet beslutning om suspension efter § 340, stk. 1, kan pålægge det centrale ledelsesorgan at indkalde til generalforsamling efter udløbet af tilbuddet med det formål at ændre vedtægterne og udnævne eller udskifte medlemmer af selskabets ledelse. Denne første generalforsamling kan indkaldes med mindst 2 ugers varsel uanset § 94, stk. 2, og selv om vedtægterne foreskriver et længere varsel.

### Kompensation til visse aktionærer

**§ 344.** I selskaber, der har truffet beslutning om suspension efter § 340, stk. 1, skal tilbudsgiver, hvis overtagelsestilbuddet gennemføres, yde kompensation til de aktionærer, som måtte lide et økonomisk tab, fordi særlige rettigheder eller begrænsninger, der i henhold til aktieselskabets vedtægter eller i henhold til aftale knytter sig til aktiebesiddelsen eller til den enkelte aktie, ikke kan gøres gældende, jf. § 341, stk. 1-3.

*Stk. 2.* Tilbudsdokumentet skal indeholde oplysning om den kompensation, som tilbudsgiver tilbyder aktionærerne, og beregnings-

grundlaget for kompensationen. Prisfastsættelsen skal ske med udgangspunkt i markedsværdien for de pågældende aktier.

*Stk. 3.* Kan der ikke opnås enighed om kompensationens størrelse, fastsættes kompensationen af skønsmænd udmeldt af retten på aktieselskabets hjemsted. Skønsmændenes afgørelse kan indbringes for retten. Sag herom skal være anlagt senest 3 måneder efter modtagelsen af skønsmændenes erklæring om kompensationens størrelse.

*Stk. 4.* Aktionærer er endvidere berettiget til kompensation efter stk. 1-3, hvis de i perioden fra den 31. marts 2004 til den 26. juni 2005 har indgået aftale om særlige rettigheder eller begrænsninger, der ikke kan gøres gældende som følge af et overtagelsestilbud, jf. § 341, stk. 1-3.

## Kapitel 19. *Filialer af udenlandske kapitalselskaber*

**§ 345.** Udenlandske aktieselskaber, partnerselskaber og anpartsselskaber samt selskaber med en tilsvarende selskabsretsform, der er hjemmehørende i et EU- eller EØS-land, kan drive virksomhed gennem en filial her i landet.

*Stk. 2.* Andre udenlandske aktieselskaber, partnerselskaber og anpartsselskaber samt selskaber med en tilsvarende selskabsform kan drive virksomhed gennem en filial her i landet, hvis dette er hjemlet i international aftale, eller når Erhvervsstyrelsen skønner, at der indrømmes danske kapitalselskaber tilsvarende ret i vedkommende land, eller i øvrigt giver tilladelse hertil.

**§ 346.** Filialen skal ledes af en eller flere filialbestyrere.

*Stk. 2.* Filialbestyrere skal være myndige og må ikke være under værgemål efter værgemålslovens § 5 eller under samværgemål efter værgemålslovens § 7. I øvrigt finder lovens bestemmelser om medlemmer af ledelsen med de fornødne afvigelser tilsvarende anvendelse på filialbestyrere.

*Stk. 3.* Filialen tegnes af filialbestyrerne hver for sig eller flere i forening. Filialbestyrerne kan meddele prokura.

**§ 347.** En filial skal have et navn og kan have binavn. En filial skal i sit navn og eventuelle binavne optage det udenlandske hovedselskabs navn med tilføjelse af ordet »filial« og med tydelig angivelse af det udenlandske selskabs nationalitet. I øvrigt finder § 2, stk. 1-3, og § 3 tilsvarende anvendelse på filialers navne og eventuelle binavne.

*Stk. 2.* Filialer skal på breve og andre forretningspapirer, herunder elektroniske meddelelser, samt på filialens eventuelle hjemmeside angive navn, hjemsted, cvr-nummer samt et eventuelt register og registreringsnummer for kapitalselskabet i hjemlandet. Anføres selskabskapitalens størrelse på disse dokumenter, skal såvel den tegnede som den indbetalte kapital anføres.

**§ 348.** Kapitalselskabet er i alle retsforhold, der udspringer af dets virksomhed her i landet, underkastet dansk ret og danske domstoles afgørelser.

**§ 349.** Oprettelse af en filial skal registreres i Erhvervsstyrelsens it-system eller anmeldes til registrering i Erhvervsstyrelsen. Kapitel 2 finder tilsvarende anvendelse.

*Stk. 2.* Filialen må ikke påbegynde sin virksomhed, før registrering eller anmeldelse er sket. Hvis registrering nægtes, eller hvis en bestående filial slettes, jf. § 350, må filialens virksomhed her i landet ikke fortsættes.

*Stk. 3.* Senest 2 uger efter at det udenlandske selskab er taget under konkurs, rekonstruktionsbehandling eller tilsvarende ordning, skal registrering i Erhvervsstyrelsens it-system eller anmeldelse herom være sket til Erhvervsstyrelsen. Oplysning om det udenlandske selskabs status skal ske som en tilføjelse til selskabets navn, jf. § 347, stk. 1.

**§ 350.** En filial slettes i Erhvervsstyrelsens it-system, hvis

1)  selskabet sletter filialen eller anmelder, at det ønsker filialen slettet,

2)  filialen ikke har nogen filialbestyrer og dette ikke afhjælpes senest ved udløbet af en frist fastsat af Erhvervsstyrelsen,

3)  filialbestyreren ikke til Erhvervsstyrelsen har indsendt eventuelt revideret årsregnskab m.v. for det udenlandske selskab i overensstemmelse med årsregnskabslovens §§ 143 og 144 og dette forhold ikke afhjælpes senest ved udløbet af en frist fastsat af styrelsen eller

4)  en fordringshaver i en filial af et selskab, der ikke er hjemmehørende i et EU- eller EØS-land, godtgør ikke at kunne opnå fyldestgørelse for sit krav i selskabets aktiver her i landet.

*Stk. 2.* Viser det sig efter sletningen, at de forhold, der har ført til sletningen, ikke længere foreligger, kan Erhvervsstyrelsen genregistrere filialen, efter at det pågældende udenlandske selskab har anmodet herom. Erhvervsstyrelsen kan fastsætte nærmere regler om genregistrering af filialer.

*Stk. 3.* I de tilfælde, der er nævnt i stk. 1, nr. 4, må det pågældende udenlandske selskab ikke oprette en ny filial, og filialen må ikke genregistreres, før fordringshaveren enten er fyldestgjort eller samtykker i oprettelsen.

## Kapitel 20. *Statslige aktieselskaber*

### Definition m.v.

**§ 351.** Reglerne for aktieselskaber og de særlige regler for statslige aktieselskaber i denne lov, jf. dog §§ 352 og 353, finder anvendelse på statslige aktieselskaber.

**§ 352.** De særlige regler for statslige aktieselskaber i denne lov finder ikke anvendelse på aktieselskaber, der er datterselskaber af statslige aktieselskaber.

*Stk. 2.* Statslige aktieselskaber, som har aktier optaget til handel på et reguleret marked i et EU- eller EØS-land, er fritaget for at følge de særlige regler for statslige aktieselskaber i denne lov.

**§ 353.** Erhvervsstyrelsen kan fastsætte bestemmelser, der undtager fra de særlige regler for statslige aktieselskaber, hvis dette er nødvendigt for at sikre en ligestilling mellem disse regler og de tilsvarende regler for kapitalselskaber, som har værdipapirer optaget til handel på et reguleret marked i et EU- eller EØS-land.

### Særlige offentliggørelsespligter m.v.

**§ 354.** Statslige aktieselskaber skal hurtigst muligt give meddelelse til Erhvervsstyrelsen om væsentlige forhold, der vedrører selskabet, og som kan antages at få betydning for selskabets fremtid, medarbejdere, aktionærer eller kreditorer. I moderselskaber, jf. §§ 6 og 7, skal der gives meddelelse om væsentlige forhold, der vedrører koncernen, og som kan antages at få betydning for koncernens fremtid, medarbejdere, aktionærer eller kreditorer.

**§ 355.** Erhvervsstyrelsen fastsætter regler om offentliggørelse af meddelelser efter § 354 og øvrige dokumenter m.v., som statslige aktieselskaber skal offentliggøre i Erhvervsstyrelsens it-system efter denne lov.

**§ 356.** Et statsligt aktieselskab skal på selskabets hjemmeside offentliggøre selskabets vedtægter og årsrapport.

**§ 357.** Bestyrelsen eller tilsynsrådet i et statsligt aktieselskab skal sikre, at der fastsættes retningslinjer, der sikrer, at selskabet overholder de særlige regler for statslige aktieselskaber i denne lov og årsregnskabsloven.

*Stk. 2.* Erhvervsstyrelsen kan forlange de retningslinjer, som er omhandlet i stk. 1, indsendt til styrelsen.

## Kapitel 20 a. *Iværksætterselskaber*

**§ 357 a.** Lovens regler om anpartsselskaber finder anvendelse på iværksætterselskaber, medmindre andet er fastsat i dette kapitel.

*Stk. 2.* Et iværksætterselskab skal have en kapital på mindst 1 kr. Selskabskapitalen kan alene indskydes i kontanter.

*Stk. 3.* Kun iværksætterselskaber kan og skal i deres navn benytte betegnelsen »iværksætterselskab« eller forkortelsen »IVS«.

**§ 357 b.** Et iværksætterselskab skal årligt henlægge mindst 25 pct. af selskabets overskud til en bunden reserve til opbygning af selskabets kapitalgrundlag, indtil denne reserve sammen med selskabskapitalen samlet udgør mindst 50.000 kr.

*Stk. 2.* Et iværksætterselskab kan ikke træffe beslutning om at udlodde udbytte, herunder ekstraordinært udbytte, før reserven til opbygning af selskabets kapitalgrundlag sammen med selskabskapitalen udgør mindst 50.000 kr.

**§ 357 c.** Generalforsamlingen kan med det stemmeflertal, der kræves til vedtægtsændring, beslutte, at et iværksætterselskab skal omregistrere sig til et anpartsselskab, hvis selskabet har en selskabskapital og en reserve til opbygning af selskabets kapitalgrundlag, der på beslutningstidspunktet udgør mindst 50.000 kr., jf. § 33, stk. 1, 1. pkt.

*Stk. 2.* Det er en betingelse for omregistreringen, at der udarbejdes en erklæring af en vurderingsmand, jf. § 37, om, at kapitalen er til stede.

**§ 357 d.** Et iværksætterselskabs omregistrering til anpartsselskab anses for sket, når selskabets vedtægter, hvad angår kapital og selskabsbetegnelse, er ændret, således at de opfylder de sædvanlige krav til anpartsselskaber, og omregistreringen er registreret i Erhvervsstyrelsens it-system. Som led i omregistreringen overføres reserven til opbygning af selskabets kapitalgrundlag til selskabskapitalen.

## Kapitel 21. *Partnerselskaber*

**§ 358.** Lovens regler om aktieselskaber finder med de fornødne tilpasninger anvendelse på partnerselskaber.

**§ 359.** Partnerselskaber er pligtige og eneberettigede til i deres navn at benytte ordet »kommanditaktieselskab«, »partnerselskab« eller forkortelsen »P/S«.

**§ 360.** Et partnerselskabs stiftelsesdokument skal foruden de for aktieselskaber påbudte oplysninger indeholde oplysning om:

1) Den eller de fuldt ansvarlige deltageres fulde navn, bopæl og eventuelt cvr-nummer.

2) Hvorvidt den eller de fuldt ansvarlige deltagere er pligtige at gøre indskud og i bekræftende fald størrelsen af hvert enkelt indskud. Er indskuddet ikke fuldt indbetalt, skal der for indbetalingen gældende regler oplyses. Består indskuddet i andet end kontanter, skal der redegøres for vurderingsgrundlaget.

3) Vedtægternes regler om den eller de fuldt ansvarlige deltageres indflydelse i selskabets anliggender, andel i overskud og tab.

*Stk. 2.* Et partnerselskabs vedtægter skal udover reglerne i §§ 28 og 29 indeholde nærmere regler om retsforholdet mellem aktionærerne og de fuldt ansvarlige deltagere.

## Kapitel 22. *Erstatning, tvungen overdragelse m.v.*

**§ 361.** Stiftere og medlemmer af ledelsen, som under udførelsen af deres hverv forsætligt eller uagtsomt har tilføjet kapitalselskabet skade, er pligtige til at erstatte denne. Det samme gælder, når skaden er tilføjet kapitalejere eller tredjemand.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse med hensyn til erstatningspligt for revisorer, vurderingsmænd, ejerbogsførere og granskningsmænd.

*Stk. 3.* Er et revisionsselskab valgt til revisor, er både revisionsselskabet og den revisor, som revisionen er overdraget til, erstatningsansvarlige.

**§ 362.** En kapitalejer skal erstatte tab, som den pågældende forsætligt eller groft uagtsomt har tilføjet selskabet, andre kapitalejere eller tredjemand.

*Stk. 2.* Hvis en kapitalejer forsætligt eller groft uagtsomt har påført selskabet, andre kapitalejere, kapitalselskabets kreditorer eller andre tredjemænd et tab og der i øvrigt er fare for fortsat misbrug, kan retten tilpligte den skadevoldende kapitalejer at indløse den skadelidende kapitalejers kapitalandele til en pris, som fastsættes under hensyntagen til selskabets økonomiske stilling og til, hvad der efter omstændighederne i øvrigt findes rimeligt.

*Stk. 3.* Hvis en kapitalejer forsætligt eller groft uagtsomt har påført selskabet, andre kapitalejere eller tredjemand et tab og der i øvrigt er fare for fortsat misbrug, kan retten tilpligte en skadevoldende kapitalejer at sælge sine kapitalandele til de øvrige kapitalejere eller selskabet til en pris, som fastsættes under hensyntagen til selskabets økonomiske stilling og til, hvad der efter omstændighederne i øvrigt findes rimeligt.

**§ 363.** Erstatning efter §§ 361 og 362 kan nedsættes, når dette findes rimeligt under hensyn til skyldgraden, skadens størrelse og omstændighederne i øvrigt.

*Stk. 2.* Er flere samtidig erstatningspligtige, hæfter de solidarisk for erstatningen. Den, hvis erstatningsansvar er lempet efter reglerne i stk. 1, er dog kun ansvarlig med det nedsatte beløb. Har en af de erstatningspligtige betalt erstatningen, kan den pågældende afkræve hver enkelt af de medansvarlige dennes del under hensyntagen til størrelsen af den skyld, der måtte påhvile hver enkelt, samt omstændighederne i øvrigt.

**§ 364.** Beslutning om, at kapitalselskabet skal anlægge søgsmål mod stiftere, medlemmer af ledelsen, vurderingsmænd, revisorer, granskningsmænd, ejerbogsførere eller kapitalejere efter §§ 361 og 362, træffes af generalforsamlingen.

*Stk. 2.* Søgsmål kan anlægges, selv om generalforsamlingen tidligere har besluttet ansvarsfrihed eller har afstået fra at anlægge søgsmål, hvis der angående denne beslutning eller det forhold, hvorpå søgsmålet bygger, ikke er givet i alt væsentligt rigtige og fuldstændige oplysninger til generalforsamlingen, inden beslutningen blev truffet.

*Stk. 3.* Har kapitalejere, der repræsenterer mindst 1/10 af selskabskapitalen, modsat sig en beslutning om ansvarsfrihed eller om afkald på retssag, kan enhver kapitalejer anlægge søgsmål med påstand om, at den eller de ansvarlige tilpligtes at betale kapitalselskabet erstatning for det tab, det har lidt. Kapitalejere, som herefter anlægger sag, er ansvarlige for sagsomkostningerne, dog med ret til at få disse godtgjort af kapitalselskabet, i det omfang omkostningerne dækkes af det beløb, der gennem retssagen kommer selskabet til gode.

*Stk. 4.* Erklæres kapitalselskabet konkurs, således at fristdagen indtræder senest 24 måneder efter afholdelse af den generalforsamling, som har bevilget ansvarsfrihed eller givet afkald på anlæggelse af søgsmål, kan konkursboet dog anlægge erstatningssag uden hensyn til denne beslutning.

**§ 365.** Søgsmål i henhold til § 364, stk. 3, skal anlægges, senest 6 måneder efter at beslutning om ansvarsfrihed eller om afkald på retssag blev truffet af generalforsamlingen. Hvis granskning er iværksat efter reglerne i § 150, skal sagen anlægges, 6 måneder efter at granskningen er afsluttet.

Copyright © 2015 Karnov Group Denmark A/S

*Stk. 2.* Søgsmål i henhold til § 364, stk. 4, skal anlægges, senest 3 måneder efter at kapitalselskabet er erklæret konkurs.

## Kapitel 23. *Straffebestemmelser m.v.*

**§ 366.** Er strengere straf ikke forskyldt efter anden lovgivning, straffes overtrædelse af lovens regler om registrering i Erhvervsstyrelsens it-system og om indsendelse af anmeldelser, vurderingsberetninger i henhold til § 43 og meddelelser til Erhvervsstyrelsen med bøde.

*Stk. 2.* Undlader medlemmerne af et kapitalselskabs ledelse eller likvidator eller bestyreren af et udenlandsk kapitalselskabs filial i rette tid at efterkomme de pligter, der ifølge loven eller bestemmelser fastsat i henhold til loven påhviler dem i forhold til Erhvervsstyrelsen, kan styrelsen som tvangsmiddel pålægge de pågældende daglige eller ugentlige bøder.

**§ 367.** [6)]Overtrædelse af § 1, stk. 3, §§ 2, 10 og 15, § 24, stk. 2, § 30, § 32, stk. 2 og 3, § 33, stk. 4, § 38, stk. 2, § 42, stk. 1, § 44, stk. 1, § 50, stk. 1, § 51, stk. 1, 2 og 6, § 52, § 53, stk. 1 og 2, §§ 54-56, 58[7)] -61, 89, 98 og 99, § 101, stk. 3, 4, 7 og 8, §§ 108 og 113-119, § 120, stk. 3, §§ 123, 125, 127-134, 138 og 139, § 160, 3. pkt., § 179, stk. 2, § 180, § 181, 3. pkt., § 182, stk. 3, § 190, stk. 2, 3. pkt., § 192, stk. 1, § 193, stk. 2, §§ 196, 198 og 202-204, § 205, stk. 1, § 206, § 207, stk. 3, § 210, § 214, stk. 2 og 3, § 215, stk. 1, § 218, stk. 2, § 227, stk. 2, §§ 228 og 234, § 339, stk. 6, § 340, stk. 3, § 347, § 349, stk. 2 og 3, og §§ 354, 356, 357 og 359 straffes med bøde. Et selskabs opretholdelse af dispositioner, der er truffet i strid med § 206 eller § 210, straffes med bøde.

*Stk. 2.* Er højere straf ikke forskyldt efter anden lovgivning, straffes med bøde den, der uberettiget videregiver eller anvender en adgangskode eller andet adgangsmiddel til at overvære eller deltage elektronisk, herunder stemme elektronisk, i et elektronisk bestyrelsesmøde, jf. § 125, stk. 2, eller en elektronisk generalforsamling, jf. § 77, stk. 1 eller 2.

*Stk. 3.* Er højere straf ikke forskyldt efter anden lovgivning, straffes med bøde den, der uberettiget videregiver eller anvender en adgangskode eller andet adgangsmiddel til at læse, ændre eller sende elektroniske meddelelser m.v. omfattet af bestemmelserne om elektronisk kommunikation i § 92.

*Stk. 4.* I forskrifter, der udstedes i medfør af § 4, stk. 3, § 12, stk. 1 og 2, § 55, stk. 3, § 56, stk. 2, § 57, § 71, stk. 4, § 143, § 172, § 244, stk. 6, § 262, stk. 6, § 279, stk. 5, § 299, stk. 5, § 318 f, stk. 5, § 333, stk. 6, og § 372, stk. 1, kan der fastsættes straf af bøde for overtrædelse af bestemmelser i forskrifterne.

**§ 368.** Overtrædelse af § 312, § 313 og § 318, jf. § 3, § 36, stk. 4, § 37, § 38, 2. pkt., og § 39 i lov om medarbejderindflydelse i SE-selskaber, straffes med bøde.

*Stk. 2.* Den, der videregiver oplysninger, der i medfør af § 312 og § 318, jf. § 41, stk. 1, i lov om medarbejderindflydelse i SE-selskaber, er givet som fortrolige, straffes med bøde, medmindre højere straf er forskyldt efter anden lovgivning.

*Stk. 3.* Den, der forud for eller efter en grænseoverskridende fusion eller spaltning, jf. kapitel 16, med forsæt eller groft uagtsomt giver medarbejderne eller disses repræsentanter urigtige oplysninger, der er af væsentlig betydning for medbestemmelsen i det fortsættende selskab, straffes med bøde.

**§ 369.** Der kan pålægges selskaber m.v. (juridiske personer) strafansvar efter reglerne i straffelovens 5. kapitel.

*Stk. 2.* Forældelsesfristen for overtrædelse af lovens bestemmelser eller regler udstedt i medfør af loven er 5 år.

## Kapitel 24. *Klageadgang*

**§ 370.** Erhvervs- og vækstministeren kan fastsætte regler om klager over afgørelser truffet i medfør af denne lov, herunder om, at klager ikke kan indbringes for anden administrativ myndighed.

**§ 371.** Afgørelser truffet af Erhvervsstyrelsen i henhold til loven eller forskrifter udstedt i medfør af loven kan indbringes for Erhvervsankenævnet, senest 4 uger efter at afgørelsen er meddelt den pågældende, jf. dog stk. 2.

*Stk. 2.* Erhvervsstyrelsens afgørelser som følge af overskridelser af de frister, der er fastsat i denne lovs § 40, stk. 1, § 165, stk. 5, § 177, stk. 2, § 191, § 225, stk. 2 og § 231, stk. 2, om fastsættelse af frist efter § 16, stk. 1, og § 17, stk. 2, samt afgørelser efter § 93, stk. 2-4, § 225, stk. 1, § 226, § 232, stk. 2, § 350, stk. 1, nr. 2-4, og afgørelser truffet i henhold til forskrifter udstedt i medfør af § 8 a kan ikke indbringes for højere administrativ myndighed.

## Kapitel 25. *Ikrafttræden*

**§ 372.** [7)]Økonomi- og erhvervsministeren fastsætter tidspunktet for lovens ikrafttræden. Ministeren kan herunder fastsætte, at forskellige dele af loven træder i kraft på forskellige tidspunkter. Ministeren bemyndiges samtidig til at ophæve lov om aktieselskaber, jf. lovbekendtgørelse nr. 649 af 15. juni 2006 med senere ændringer, samt lov om anpartsselskaber, jf. lovbekendtgørelse nr. 650 af 15. juni 2006 med senere ændringer. Ministeren kan herunder fastsætte regler, der fraviger de af lovens bestemmelser, som forudsætter tilpasninger af Erhvervs- og Selskabsstyrelsens it-system, for så vidt angår registrering og offentliggørelse, indtil de nødvendige tilpasninger af it-systemet er afsluttet.

*Stk. 2.* Økonomi- og erhvervsministeren kan fastsætte regler om særlige overgangsordninger for de selskaber, herunder berørte medarbejdere, der er omfattet af loven, og selskabsorganer samt disses opgaver.

**§ 373.** Anmeldelser i henhold til aktieselskabsloven eller anpartsselskabsloven, der er modtaget i Erhvervs- og Selskabsstyrelsen inden denne lovs ikrafttræden, behandles efter de hidtil gældende regler.

*Stk. 2.* De bekendtgørelser og forskrifter, der er udstedt i henhold til denne lov, samt registrerede oplysninger, herunder vedtægter og bemyndigelser til selskabets ledelse, meddelte tilladelser, godkendelser m.v., har fortsat gyldighed, indtil de ændres, tilbagekaldes, udløber eller ophæves i medfør af bestemmelserne i denne lov.

**§ 374.** Økonomi- og erhvervsministeren evaluerer hele eller dele af selskabsloven 2 år efter ikrafttrædelsen af bestemmelserne i § 4.

**§ 375.** Loven gælder ikke for Grønland og Færøerne, men kan ved kongelig anordning sættes i kraft for Grønland med de afvigelser, som de særlige grønlandske forhold tilsiger.

- - -

Lov nr. 159 af 16. februar 2010 indeholder følgende bestemmelse om ikrafttræden m.v.:

## § 3

*Stk. 1.* Loven træder i kraft dagen efter bekendtgørelsen i Lovtidende.

*Stk. 2.* Lovens § 1 gælder ikke for Grønland og Færøerne, men kan ved kongelig anordning sættes i kraft for Grønland med de afvigelser, som de grønlandske forhold tilsiger.

*Stk. 3.* (Udelades)

- - -

Lov nr. 718 af 25. juni 2010 indeholder følgende bestemmelser om ikrafttræden m.v.:

Copyright © 2015 Karnov Group Denmark A/S

### § 55

*Stk. 1.* [8]Justitsministeren fastsætter tidspunktet for lovens ikrafttræden.

*Stk. 2-10.* (Udelades)

### § 56

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland.

*Stk. 2.* (Udelades)

*Stk. 3.* Lovens §§ 6-10, 14, 15, 18, 20, 21, 24, 25, 27, 28, 31, 33 og 54 kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de afvigelser, som de grønlandske forhold tilsiger.

- - -

Lov nr. 720 af 25. juni 2010 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 3

*Stk. 1.* (Udelades)

*Stk. 2.* [9]Økonomi- og erhvervsministeren fastsætter tidspunktet for ikrafttræden af § 2. Ministeren kan fastsætte, at bestemmelserne i § 2 træder i kraft på forskellige tidspunkter. Ministeren kan herunder fastsætte regler, der fraviger de bestemmelser i § 2, som forudsætter tilpasning af Erhvervs- og Selskabsstyrelsens it-system, for så vidt angår registrering og offentliggørelse, indtil de nødvendige tilpasninger af it-systemet er afsluttet.

### § 4

Loven gælder ikke for Færøerne og Grønland, men kan ved kongelig anordning sættes i kraft for Grønland med de afvigelser, som de grønlandske forhold tilsiger.

- - -

Lov nr. 1557 af 21. december 2010 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 4

*Stk. 1.* [10]Økonomi- og erhvervsministeren fastsætter tidspunktet for lovens ikrafttræden. Ministeren kan herunder fastsætte, at lovens bestemmelser træder i kraft på forskellige tidspunkter.

*Stk. 2.* Ministeren kan fastsætte regler, der fraviger de bestemmelser i loven, der angår registrering og offentliggørelse, og som forudsætter tilpasning af Erhvervs- og Selskabsstyrelsens it-system, indtil de nødvendige tilpasninger af it-systemet er afsluttet.

### § 5

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland.

*Stk. 2.* Loven kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de afvigelser, som de grønlandske forhold tilsiger.

- - -

Lov nr. 477 af 30. maj 2012 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 4

*Stk. 1.* Loven træder i kraft den 1. juli 2012, jf. dog stk. 2.

*Stk. 2.* [11]Erhvervs- og vækstministeren fastsætter tidspunktet for ikrafttræden af § 1. Ministeren kan endvidere fastsætte en overgangsordning for registrering af eksisterende besiddelser af ihændehaveraktier på tidspunktet for lovens ikrafttræden.

### § 5

*Stk. 1.* Lovens §§ 1-3 gælder ikke for Færøerne og Grønland, jf. dog stk. 2 og 3.

*Stk. 2.* §§ 1 og 2 kan ved kongelig anordning sættes helt eller delvis i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

*Stk. 3.* (Udelades)

- - -

Lov nr. 1231 af 18. december 2012 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 69

*Stk. 1.* Loven træder i kraft den 1. januar 2013.

*Stk. 2.* Administrative forskrifter, der er udstedt i medfør af de hidtidige bestemmelser, vedbliver at være i kraft, indtil de ændres eller ophæves.

### § 70

*Stk. 1.* §§ 1 (---) gælder ikke for Færøerne og Grønland, jf. dog stk. 3 og 4.

*Stk. 2 og 3.* (Udelades)

*Stk. 4.* §§ 1 (---) kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

*Stk. 5.* (Udelades)

- - -

Lov nr. 1383 af 23. december 2012 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 9

*Stk. 1.* Loven træder i kraft den 1. april 2013.

*Stk. 2.* (Udelades)

### § 10

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland, jf. dog stk. 2 og 3.

*Stk. 2.* Loven kan ved kongelig anordning sættes helt eller delvis i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

*Stk. 3.* (Udelades)

- - -

Lov nr. 616 af 12. juni 2013 indeholder følgende bestemmelser om ikrafttræden m.v.:

### § 5

*Stk. 1.* [12]Erhvervs- og vækstministeren fastsætter tidspunktet for lovens ikrafttræden, jf. dog stk. 2 og 3. Erhvervs- og vækstministeren kan herunder fastsætte regler om, at dele af bestemmelserne i §§ 1-4 træder i kraft på forskellige tidspunkter.

*Stk. 2.* Erhvervs- og vækstministeren kan fastsætte regler om særlige overgangsordninger for de virksomheder, der er omfattet af lovens §§ 1 og 2.

*Stk. 3.* Administrative forskrifter, der er udstedt i medfør af de hidtidige bestemmelser, vedbliver at være i kraft, indtil de ændres eller ophæves.

### § 6

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland, jf. dog stk. 2.

*Stk. 2.* §§ 1-4 kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

- - -

Lov nr. 634 af 12. juni 2013 indeholder følgende bestemmelser om ikrafttræden m.v.:

**§ 13**

*Stk. 1.* Loven træder i kraft den 1. juli 2013.

*Stk. 2.* (Udelades)

*Stk. 3.* §§ 3 og 5-11 finder anvendelse på lovovertrædelser, der er begået før lovens ikrafttræden, medmindre forældelse efter de hidtil gældende regler er indtrådt før lovens ikrafttræden.

**§ 14**

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland, jf. dog stk. 2 og 3.

*Stk. 2.* (Udelades)

*Stk. 3.* §§ 3, 5-7, 10 og 11 kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

- - -

Lov nr. 1367 af 10. december 2013 indeholder følgende bestemmelser om ikrafttræden m.v.:

**§ 5**

*Stk. 1.* Loven træder i kraft den 1. januar 2014, jf. dog stk. 2.

*Stk. 2.* [13]Erhvervs- og vækstministeren fastsætter tidspunktet for ikrafttræden af § 2, nr. 2.

**§ 6**

*Stk. 1.* Loven gælder ikke for Færøerne og Grønland, jf. dog stk. 2 og 3.

*Stk. 2.* (Udelades)

*Stk. 3.* Loven kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

- - -

Lov nr. 1284 af 9. december 2014 indeholder følgende bestemmelser om ikrafttræden m.v.:

**§ 48.**

Loven træder i kraft dagen efter bekendtgørelsen i Lovtidende. Erhvervs- og vækstministeren fremsætter forslag om revision af loven senest i folketingsåret 2017-18.

**§ 49.**

(Udelades)

**§ 50.**

Loven gælder ikke for Færøerne og Grønland, men kan ved kongelig anordning helt eller delvis sættes i kraft for Grønland med de ændringer, som de grønlandske forhold tilsiger.

## Officielle noter

**1)** Loven indeholder bestemmelser, der gennemfører dele af Rådets direktiv 1968/151/EØF af 9. marts 1968, for så vidt angår offentlighed vedrørende visse selskabsformer, EF-Tidende 1968, nr. L 065, side 8, som ændret senest ved Europa-Parlamentets og Rådets direktiv 2003/58/EF af 15. juli 2003, EF-Tidende 2003, nr. L 221, side 13, dele af Rådets direktiv 1977/91/EØF af 13. december 1976, for så vidt angår stiftelsen af aktieselskabet samt bevarelsen af og ændringer i dets kapital, EF-Tidende 1977, nr. L 26, side 1, som ændret senest ved Europa-Parlamentets og Rådets direktiv 2006/68/EF af 6. september 2006, EU-Tidende 2006, nr. L 264, side 32, dele af Rådets direktiv 1978/660/EØF af 25. juli 1978 om årsregnskaberne for visse selskabsformer, EF-Tidende 1978, nr. L 222, side 11, som ændret senest ved Europa-Parlamentets og Rådets direktiv 2003/51/EF af 18. juni 2003, EF-Tidende 2003, nr. L 178, side 16, dele af Rådets direktiv 1978/855/EØF af 9. oktober 1978 om fusioner af aktieselskaber, EF-Tidende 1978, nr. L 295, side 36, dele af Rådets direktiv 1982/891/EØF af 17. december 1982 om spaltning af aktieselskaber, EF-Tidende 1982, nr. L 378, side 47, dele af Rådets direktiv 1983/349/EØF af 13. juni 1983 om konsoliderede regnskaber, EF-Tidende 1983, nr. L 193, side 1, som ændret senest ved Europa-Parlamentets og Rådets direktiv 2003/51/EF af 18. juni 2003, EF-Tidende 2003, nr. L 178, side 16, dele af Rådets direktiv 1984/253/EØF af 10. april 1984 om autorisation af personer, der skal foretage lovpligtig revision af regnskaber, EF-Tidende 1984, nr. L 126, side 20, dele af Rådets direktiv 1988/627/EØF af 12. december 1988 om offentliggørelse af oplysninger ved erhvervelse og afhændelse af en betydelig andel i et børsnoteret selskab, EF-Tidende 1988, nr. L 348, side 62, dele af Rådets direktiv 1989/666/EØF af 21. december 1989 om offentlighed vedrørende filialer oprettet i en medlemsstat af visse former for selskaber henhørende under en anden stats retsregler, EF-Tidende 1989, nr. L 395, side 36, dele af Rådets direktiv 1989/667/EØF af 21. december 1989 på selskabsrettens område om enkeltmandsselskaber med begrænset ansvar, EF-Tidende 1989, nr. L 395, side 40, dele af Europa-Parlamentets og Rådets direktiv 2004/25/EF af 21. april 2004 om overtagelsestilbud, EU-Tidende 2004, nr. L 142, side 12, dele af Europa-Parlamentets og Rådets direktiv 2005/56/EF af 26. oktober 2005, EU-Tidende 2005, nr. L 310, side 1, om grænseoverskridende fusioner af selskaber med begrænset ansvar, dele af Europa-Parlamentets og Rådets direktiv 2007/36/EF af 11. juli 2007 EU-Tidende 2007, nr. L 184, side 17, om udøvelse af visse aktionærrettigheder i børsnoterede selskaber, dele af Europa-Parlamentets og Rådets direktiv 2007/63/EF af 13. november 2007, EU-Tidende 2007, nr. L 300, side 48, om ændring af Rådets direktiv 78/855/EØF og 82/891/EØF for så vidt angår kravet om udarbejdelse ved en uafhængig sagkyndig af en beretning i forbindelse med en fusion eller spaltning af aktieselskaber og dele af Europa-Parlamentets og Rådets direktiv 2009/109/EF af 16. september 2009, EU-Tidende 2009, nr. L 259, side 14, om ændring af Rådets direktiv 77/91/EØF, 78/855/EØF og 82/891/EØF samt direktiv 2005/56/EF for så vidt angår rapporterings- og dokumentationskrav i forbindelse med fusioner og spaltninger.

**2)** § 51, stk. 4 og 5, trådte i kraft den 15. december 2014, jf. § 1 i bekendtgørelse nr. 1322 af 10. december 2014. Indtil den 15. juni 2015 modificeres § 51, stk. 4 og 5, dog af følgende midlertidige bestemmelse i § 7 i bekendtgørelse nr. 172 af 22. februar 2010:

»**§ 7.** I vedtægterne kan det bestemmes, at ejerbogen efter selskabslovens § 50, stk. 1, skal være tilgængelig for kapitalejerne, herunder elektronisk, udover at være tilgængelig for offentlige myndigheder og de personer, som er nævnt i selskabslovens § 51, stk. 1-3. Beslutning herom træffes af generalforsamlingen med den stemmeflerhed, der kræves til vedtægtsændring.

*Stk. 2.* I ejerbogen tilgængelig i elektronisk form, kan selskabet opfylde sine forpligtelser efter stk. 1 og selskabslovens § 51, stk. 1-3, ved at give de berettigede adgang til den elektroniske ejerbog.

*Stk. 3.* I anpartsselskaber skal ejerbogen være tilgængelig for enhver anpartshaver, jf. selskabslovens § 51, stk. 6. Ejerbogen er ikke offentlig tilgængelig, medmindre vedtægterne bestemmer andet, eller anpartskapitalen er 500.000 kr. eller mere.«

Den midlertidige bestemmelse, som er gengivet ovenfor, er ophævet pr. 15. juni 2015, jf. bekendtgørelse nr. 490 af 8. april 2015.

Note 2 skal ses i sammenhæng med note 5.

**3)** Se note 2.

**4)** § 57 a, stk. 1, trådte i kraft den 15. december 2014, jf. § 3 i bekendtgørelse nr. 1322 af 10. december 2014. § 4 in den nævnte bekendtgørelse indeholder dog en overgangsregel for registreringspligtige besiddelser af ihændehaveraktier, der er erhvervet før den 15. december 2014. Ifølge overgangsreglen skal disse besiddelser være registreret i Erhvervsstyrelsens it-system senest den 15. juni 2015.

**5)** § 58, stk. 1 og 2, trådte i kraft den 15. december 2014, mens § 58, stk. 3, træder i kraft den 15. juni 2015, jf. § 1 i bekendtgørelse nr. 1322 af 10. december 2014. § 2 i den nævnte bekendtgørelse indeholder dog en overgangsregel for meddelelse om betydelige kapitalposter i et kapitalselskab, jf. selskabslovens § 55, stk. 1, der er modtaget af kapitalselskabet før den 15. december 2014. Ifølge overgangsreglen skal disse besiddelser være registreret i ejerregistret, jf. selskabslovens § 58, stk. 1, senest den 15. juni 2015.

Indtil den 15. juni 2015 modificeres § 58 af følgende midlertidige bestemmelse i § 8 i bekendtgørelse nr. 172 af 22. februar 2010:

»**§ 8.** Et aktieselskab skal føre en særlig fortegnelse over meddelelser om visse kapitalejeres kapitalposter, som selskabet modtager efter selskabslovens §§ 55 og 56. Meddelelserne skal hurtigst muligt indføres i fortegnelsen. Fortegnelsen udgør en bestanddel af selskabets ejerbog, men kan placeres uden for ejerbogen i en særlig fortegnelse uanset selskabslovens § 56, stk. 1, 2. pkt.

*Stk. 2.* Fortegnelsen efter stk. 1 skal på selskabets hovedkontor være tilgængelig for offentlige myndigheder, kapitalejere, bestyrelsesmedlemmer eller medlemmer af tilsynsrådet samt en repræsentant for medarbejderne i selskaber, hvor der ikke er valgt medarbejderrepræsentanter til bestyrelsen eller tilsynsrådet efter selskabslovens kapitel 8 eller medlemmer til at repræsentere medarbejderne i administrationsorganet eller tilsynsorganet efter de regler, som gælder for SE-selskaber, for så vidt angår medarbejderindflydelse. Enhver kan skriftlig bestille udskrift mod betaling af et eventuelt gebyr til dækning af udskriftens fremstilling og forsendelse.

*Stk. 3.* Er fortegnelsen efter stk. 1 tilgængelig i elektronisk form, kan selskabet opfylde sine forpligtelser efter stk. 2 ved at give adgang til denne fortegnelse.«

Den midlertidige bestemmelse, som er gengivet ovenfor, er ophævet pr. 15. juni 2015, jf. bekendtgørelse nr. 490 af 8. april 2015.

**6)** § 367, stk. 1, er gengivet således, som bestemmelsen senest er affattet ved lov nr. 616 af 12. juni 2013. Der skal ses bort fra bekendtgørelse nr. 1322 af 10. december 2014, som fejlagtigt sætter nogle straffebestemmelser i kraft, der er sat i kraft tidligere. Dette er nærmere omtalt in de specielle bemærkninger til § 1, nr. 5, til lovforslag nr. L 172, fremsat af erhvervs- og vækstministeren den 25. marts 2015, hvor § 367, stk. 1, er foreslået affattet på ny.

**7)** Der er udstedt følgende bekendtgørelser om ikrafttræden m.v. i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 172 af 22. februar 2010, som ændret ved bekendtgørelse nr. 142 af 22. februar 2011, samt bekendtgørelse nr. 135 af 22. februar 2011, bekendtgørelse nr. 1322 af 10. december 2014 og bekendtgørelse nr. 242 af 11. marts 2015.

**8)** Der er udstedt følgende bekendtgørelse om ikrafttræden i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 208 af 15. juni 2013.

Copyright © 2015 Karnov Group Denmark A/S

LBKG

**9)**  Der er udstedt følgende bekendtgørelse om ikrafttræden i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 135 af 22. februar 2011.

**10)**  Der er udstedt følgende bekendtgørelse om ikrafttræden i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 135 af 22. februar 2011.

**11)**  Der er udstedt følgende bekendtgørelse om ikrafttræden i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 1322 af 10. december 2014.

**12)**  Der er udstedt følgende bekendtgørelser om ikrafttræden m.v. i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 1385 af 15. november 2013 og bekendtgørelse nr. 242 af 11. marts 2015.

**13)**  Der er udstedt følgende bekendtgørelse om ikrafttræden m.v. i medfør af den nævnte bestemmelse: Bekendtgørelse nr. 242 af 11. marts 2015.

Copyright © 2015 Karnov Group Denmark A/S