# Exhibit 4

| | |
|---|---|
| **From:** | Ben-Jacob, Michael |
| **Sent:** | Tuesday, December 02, 2014 11:22 AM |
| **To:** | 'Richard Markowitz'; Wells, Peter |
| **Cc:** | John H. van Merkensteijn, III; Robert Klugman |
| **Subject:** | RE: Danish Securities Law Question |

All,

I have spoken with Claus Bennetsen of the Horten law firm in Copenhagen who came highly recommended by Simon Firth of our London office. Claus was clearly very knowledgeable in the area. You can see his bio at http://en.horten.dk/People/Claus-Bennetsen

Claus explained that unless you meet the 5% ownership threshold there are no reporting requirements of any sort. There are additional reporting requirements at the 10% and 25% thresholds but we did not explore those as I did not think they would be relevant. Let me know if you think otherwise.

As for determining whether the 5% threshold is met, under current law one looks only to legal title ownership and not to beneficial ownership. In this context, one looks to a particular moment in time. So, for example, in the first instance they would look to the plan as the possible reporting entity because the plan holds legal title to the trading account, even though the plan is operating as agent for the general partnership. Moreover, one would look to the total shares held by the plan at a point in time and not aggregate, for example, the number of shares held by a plan over the course of a year, month or other period. One would, however, aggregate the number of shares held by a particular plan in different accounts.

There are related party rules that would aggregate the total holdings to determine if the threshold is met if, for example, a group of plans were deemed to be acting in concert. I did not delve into the particulars of the instant trading strategy or structures. But we may need to explore this further if, when we aggregate among your plans we reach the 5% threshold . I add the caveat that I suppose in the extreme one could include the trading being done by Matt, Jerome and Luke—but I think that would be a bit far afield under the current circumstances.

In summary, if among your various plans there is no point in time when you own 5% or more then we don't need to go any further. If because of aggregation that may apply if you are deemed to be acting in concert you reach or exceed the 5% threshold then we need to explore further what constitutes acting in concert.

All of this stands to change, however. Claus indicates that a new body of legislation comes into effect on December 15th and which will be phased in over the next six months. Under this legislation it appears that the Danish FSA may look to beneficial ownership for determining reporting thresholds. Whether this interpretation of the new rules is correct is an open question and practitioners are awaiting further guidance. I have asked Clause to keep us abreast of developments. Again, even here if in a worst case we aggregate all the trading because of common beneficial ownership and the 5% threshold is not met there would be no reporting requirement.

If you are subject to reporting then the reporting must be done "immediately". This word is strictly interpreted under some precedents to mean that a report must be filed the same trading day. The report is filed in two places: with the Danish FSA and with the company. As to the former there is a specific form, which is available in English and which Claus is going to forward to me, and which for things like a description of the transaction, number of shares involved, name of owner, date of trading, and the like. No doubt we would have many questions as to how to appropriate complete this form if required. As to informing the company, there is no prescribe form or format and I am told that the practice is to send an email to the company with similar information.

1

Please let me know your thoughts.

mbj


Michael Ben-Jacob
Kaye Scholer LLP
250 West 55th Street | New York, New York 10019-9710
T: (212) 836-8310 | F: (212) 836-6310
michael.ben-jacob@kayescholer.com | www.kayescholer.com

PLEASE NOTE OUR NEW ADDRESS: Kaye Scholer's New York office is now located at 250 West 55th Street, New York, NY 10019-9710. Our phone and fax numbers remain the same.


Any U.S. federal tax advice contained in this message (including any attachments) may not be able to be used for purposes of avoiding tax-related penalties imposed under U.S. federal tax laws. This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (212) 836-8310 and delete the message, along with any attachments, from your computer. Thank you.

**From:** Richard Markowitz [mailto:rmarkowitz@argremgt.com]
**Sent:** Monday, November 24, 2014 11:59 AM
**To:** Wells, Peter; Ben-Jacob, Michael
**Cc:** John H. van Merkensteijn, III; Robert Klugman
**Subject:** Danish Securities Law Question

Michael and Peter:

We would like your help in getting answers to some questions regarding Danish securities laws.

Specifically, what are the disclosure/reporting requirements for a holder of shares in a public company in Denmark?

> Is it 5% of outstanding shares (or some other measurement)? (This is what I learned from reading a translation of the Danish Securities Trading Act and other on line summaries.)
> Is it only the Danish FSA that sets the requirements?
> Given, that in our cases, a trust is purchasing the shares, is it based on the trustee? The beneficiary? Both? Is there a notion of related parties?
> Any other specific requirements that we might not be aware of?

We recognize that you may need to reach out to your securities law colleagues (especially in London) who may then need to speak with a local firm in Denmark that they have a relationship with. But we do want to get these answers as soon as possible.

Thanks, and please call if you have any questions.

Richard

_____

Richard Markowitz
Argre Management LLC
40 West 57th Street

CONFIDENTIAL                                                                                                                                       WH_MDL_00316808

20th Floor
New York, NY 10019

Tel: (212) 247-2600
Fax: (212) 247-2753
Mobile: (917) 848-5675

3

CONFIDENTIAL
WH_MDL_00316809